YOUNG ISRAEL OF TAMPA, INC.,

    *Plaintiff*,

v.

HILLSBOROUGH AREA
REGIONAL TRANSIT
AUTHORITY,

ADELEE LE GRAND, in her official
capacity as Chief Executive Officer
of the Hillsborough Area Regional
Transit Authority, and

RUTHIE REYES BURCKARD, in
her official capacity as Deputy Chief
of Transportation for the Hillsborough
Area Regional Transit Authority,

    *Defendants*.

Civil No. 8:21-cv-00294-VMC-CPT

COMPLAINT

<u>PERMANENT INJUNCTIVE
RELIEF REQUESTED</u>

<u>DECLARATORY RELIEF
REQUESTED</u>

<u>DEMAND FOR JURY TRIAL</u>

---

## <u>ANSWER AND AFFIRMATIVE DEFENSES OF HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY TO COMPLAINT</u>

Defendant HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY (hereafter "HART") answers the Complaint herein and states:

### NATURE OF THE CASE

1.    HART denies the allegations in paragraph 1.

2.     HART has insufficient knowledge of Plaintiff's wishes to admit or deny the allegations in paragraph 2 and, accordingly, denies the same.

3.     HART admits that it prohibits certain categories of advertising without regard to viewpoint.  The remaining allegations in paragraph 3 are denied.

4.     HART denies the allegations in paragraph 4.

5.     HART denies the allegations in paragraph 5.

6.     HART denies the allegations in paragraph 6.

7.     HART denies the allegations in paragraph 7.

8.     HART denies the allegations in paragraph 8.

## IDENTIFICATION OF PARTIES

9.     HART is without sufficient knowledge to admit the allegations in paragraph 9 and, accordingly, denies the same.

10.     HART admits that Exhibit A is a copy of the Hillsborough Transit Authority Policy Manual.  HART denies any allegations in paragraph 10 inconsistent with the language of Exhibit A.

11.     HART admits that it retained Vector Media as its advertising contractor.  HART admits that Vector Media initially denied Plaintiff's advertisement, which was ultimately denied by HART.  HART admits that its policies are attached to the Complaint as Exhibit A.  HART denies any allegations in paragraph 11 inconsistent with the language of Exhibit A.

12.     HART admits that its policy is attached to the Complaint as Exhibit A.  HART denies any allegations in paragraph 12 inconsistent with the language of Exhibit A.

13.     HART admits the allegations in paragraph 13.

14.     HART admits that Defendant Ruthie Reyes Burckard was HART's interim CEO and is currently HART's Deputy Chief of Transportation.  HART denies the remaining allegations of paragraph 14.

## JURISDICTION AND VENUE

15.     HART admits the allegations of paragraph 15 for jurisdictional purposes only.

16.     HART admits the allegations of paragraph 16 for jurisdictional purposes only.

## FACTUAL ALLEGATIONS

### A.     Young Israel

17.     HART is without sufficient knowledge to admit or deny the allegations in paragraph 17 and, accordingly, denies the same.

18.     HART is without sufficient knowledge to admit or deny the allegations in paragraph 18 and, accordingly, denies the same.

19.     HART is without sufficient knowledge to admit or deny the allegations in paragraph 19 and, accordingly, denies the same.

20. HART is without sufficient knowledge to admit or deny the allegations in paragraph 20 and, accordingly, denies the same.

21. HART is without sufficient knowledge to admit or deny the allegations in paragraph 21 and, accordingly, denies the same.

22. HART is without sufficient knowledge to admit or deny the allegations in paragraph 22 and, accordingly, denies the same.

23. HART is without sufficient knowledge to admit or deny the allegations in paragraph 23 and, accordingly, denies the same.

24. HART is without sufficient knowledge to admit or deny the allegations in paragraph 24 and, accordingly, denies the same.

25. HART is without sufficient knowledge to admit or deny the allegations in paragraph 25 and, accordingly, denies the same.

26. HART is without sufficient knowledge to admit or deny the allegations in paragraph 26 and, accordingly, denies the same.

27. HART is without sufficient knowledge to admit or deny the allegations in paragraph 27 and, accordingly, denies the same.

28. HART is without sufficient knowledge to admit or deny the allegations in paragraph 28 and, accordingly, denies the same.

29. HART is without sufficient knowledge to admit or deny the allegations in paragraph 29 and, accordingly, denies the same.

30.     HART is without sufficient knowledge to admit or deny the allegations in paragraph 30 and, accordingly, denies the same.

**B.     HART and Its Advertising Policy**

31.     HART admits the allegations in paragraph 31.

32.     HART denies the allegations in paragraph 32.

33.     HART admits its policy is attached to the Complaint as Exhibit A. HART denies any allegations in paragraph 33 inconsistent with the language of Exhibit A.

34.     HART admits its policy is attached to the Complaint as Exhibit A. HART denies any allegations in paragraph 34 inconsistent with the language of Exhibit A.

35.     HART admits its policy is attached to the Complaint as Exhibit A. HART denies any allegations in paragraph 35 inconsistent with the language of Exhibit A.

36.     HART admits its policy is attached to the Complaint as Exhibit A. HART denies any allegations in paragraph 36 inconsistent with the language of Exhibit A.

37.     HART admits its policy is attached to the Complaint as Exhibit A. HART denies any allegations in paragraph 37 inconsistent with the language of Exhibit A.

38.     HART admits its policy is attached to the Complaint as Exhibit A. HART denies any allegations in paragraph 38 inconsistent with the language of Exhibit A.

39.     HART denies the allegations in paragraph 39.

**C.     HART'S Inconsistent and Arbitrary Enforcement**

40.     HART denies the allegations in paragraph 40.

41.     HART admits it previously permitted advertisements for St. Leo University.  HART is without sufficient knowledge to admit or deny the remaining allegations in paragraph 41.

42.     HART admits it allowed the Center for American-Islamic Relations to purchase advertisements in 2013.  HART is without sufficient knowledge to admit or deny the remaining allegations of paragraph 42 and, accordingly, denies the same.

43.     HART admits it has allowed Alcoholics Anonymous to purchase advertisements in the past.  HART is without sufficient knowledge to admit or deny the remaining allegations of paragraph 43.

44.     HART admits that it amended its policies in 2013 and regularly updates its policies.  HART admits that Exhibit A is a copy of its policies and it denies any allegations in paragraph 44 inconsistent with Exhibit A.  The remaining allegations of paragraph 44 are denied.

45.     HART's board meetings are public record and, accordingly, it denies any allegations inconsistent with the transcripts from those board meetings.

46.     HART's board meetings are public record and, accordingly, it denies any allegations inconsistent with the transcripts from those board meetings.

47.     HART's board meetings are public record and, accordingly, it denies any allegations inconsistent with the transcripts from those board meetings.

48.     HART denies the allegations in paragraph 48.

49.     HART admits that it has allowed certain non-profit groups to purchase advertisements from HART at discounted rates.  The remaining allegations in paragraph 49 are denied.

50.     HART admits that it has previously decorated its buses for its "Stuff-a-Bus" charitable project.  HART's board meetings are public record and it denies any allegation inconsistent with the official transcript from such board meetings as alleged in paragraph 50.

51.     HART denies the allegations in paragraph 51.

**D.     HART'S Rejection Of Young Israel's Chanukah on Ice Advertisement**

52.     HART is without sufficient knowledge to admit or deny the allegations in paragraph 52 and, accordingly, denies the same.

53.	HART is without sufficient knowledge to admit or deny the allegations in paragraph 53 and, accordingly, denies the same.

54.	HART admits Plaintiff contacted HART's advertising contractor regarding Plaintiff's Chanukah on Ice program for 2020. HART is without sufficient knowledge to admit or deny the remaining allegations in paragraph 54 and, accordingly, denies the same.

55.	HART admits the allegations in paragraph 55.

56.	HART admits that Exhibit B is an e-mail from Plaintiff to Vector Media submitting its advertisement for its Chanukah on Ice for consideration. The remaining allegations in paragraph 56 are denied.

57.	The advertisement submitted by Plaintiff speaks for itself. HART denies any allegations in paragraph 57 inconsistent with the language of the advertisement.

58.	The advertisement submitted by Plaintiff speaks for itself. HART denies any allegations in paragraph 58 inconsistent with the language of the advertisement.

59.	HART admits that Exhibit C is a response from Vector Media to Plaintiff. HART denies any allegations in paragraph 59 inconsistent with the language of Exhibit C.

60.     HART admits that Exhibit D contains correspondence between Vector Media and Plaintiff regarding the advertisement.  HART denies any allegations inconsistent with the language of Exhibit D.

61.     HART admits that correspondences from Plaintiff are attached as Exhibits E and F to the Complaint.  HART denies the allegations inconsistent with the language of Exhibits E and F.

62.     HART admits the allegations in paragraph 62.

63.     HART admits that Exhibit G to the Complaint contains correspondence with revisions to the advertisement dated December 8, 2020. HART denies any allegations in paragraph 63 inconsistent with the language of Exhibit G.

64.     HART admits that Exhibit H to the Complaint is e-mail correspondence from Plaintiff to HART.   HART denies any allegations in paragraph 64 inconsistent with the language of Exhibit H.

65.     HART admits that Exhibit I is the response from Defendant Burckard rejecting Plaintiff's advertisement.  HART denies any allegations in paragraph 65 inconsistent with the language of Exhibit I.

66.     HART denies the allegations in paragraph 66.

67.     HART denies the allegations in paragraph 67.

68.     HART denies the allegations in paragraph 68.

69.     HART denies the allegations in paragraph 69.

**CLAIMS FOR RELIEF**
**Count I**
**42 U.S.C. § 1983**
**First Amendment Freedom of Speech:**
**Facial Content and Viewpoint Discrimination**

70.     HART restates and realleges each of its responses to the allegations in paragraphs 1 through 69 as if fully set forth herein.

71.     HART denies the allegations in paragraph 71.

72.     HART denies the allegations in paragraph 72.

73.     HART denies the allegations in paragraph 73.

74.     HART denies the allegations in paragraph 74.

75.     HART denies the allegations in paragraph 75.

76.     HART denies the allegations in paragraph 76.

77.     Paragraph 77 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 77 inconsistent with the cases cited therein.

78.     Paragraph 78 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 78 inconsistent with the cases cited therein.

79.     HART denies the allegations in paragraph 79.

80.     HART denies the allegations in paragraph 80.

81.     HART denies the allegations in paragraph 81.

82.     Paragraph 82 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 82 inconsistent with the cases cited therein.

83.     HART denies the allegations in paragraph 83.

**Count II**
**42 U.S.C. § 1983**
**First Amendment Freedom of Speech:**
**As-Applied Content and Viewpoint Discrimination**

84.     HART restates and realleges each of its responses to the allegations in all preceding paragraphs as if fully set forth herein.

85.     HART denies the allegations in paragraph 85.

86.     HART denies the allegations in paragraph 86.

87.     HART denies the allegations in paragraph 87.

88.     HART denies the allegations in paragraph 88.

89.     HART admits that HART sells advertising, in part to raise revenue. HART is without sufficient knowledge to admit or deny the remaining allegations in paragraph 89 and, accordingly, denies the same.

90.     HART denies the allegations in paragraph 90.

91.     HART denies the allegations in paragraph 91.

92.     HART denies the allegations in paragraph 92.

**Count III**
**42 U.S.C. § 1983**
**First Amendment Freedom of Speech:**
**Facially Arbitrary Speech Restrictions**

93.     HART restates and realleges each of its responses to the allegations in all preceding paragraphs as if fully set forth herein.

94.     HART denies the allegations in paragraph 94.

95.     HART's board of director meetings are public record and HART denies any allegations in paragraph 95 inconsistent with the transcript from the board of director meeting on September 23, 2013, in paragraph 95.

96.     HART denies the allegations in paragraph 96.

97.     HART denies the allegations in paragraph 97.

98.     Paragraph 98 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 98 inconsistent with the cases cited therein.

99.     Paragraph 99 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 99 inconsistent with the cases cited therein.

100.   HART denies the allegations in paragraph 100.

**Count IV**
**42 U.S.C. § 1983**
**First Amendment Freedom of Speech:**
**As-Applied Arbitrary Speech Restrictions**

101.  HART restates and realleges each of its responses to the allegations in all preceding paragraphs as if fully set forth herein.

102.  HART denies the allegations in paragraph 102.

103.  HART denies the allegations in paragraph 103.

104.  HART denies the allegations in paragraph 104.

105.  HART admits that its advertisement policy has sought to exclude primarily religious content since around September 2008.

106.  HART admits that it accepted advertisements of a non-religious nature from St. Leo University.  The remaining allegations in paragraph 106 are denied.

107.  HART admits that it accepted advertisements of a non-religious nature from Alcoholics Anonymous.  The remaining allegations in paragraph 107 are denied.

108.  HART admits that it allowed CAIR to purchase advertisements of a non-religious manner.  The remaining allegations in paragraph 108 are denied.

109.  HART denies the allegations in paragraph 109.

110.  HART denies the allegations in paragraph 110.

111.  HART denies the allegations in paragraph 111.

**Count V**
**42 U.S.C. § 1983**
**First Amendment Free Exercise of Religion:**

## Discrimination Against Religion

112.   HART restates and realleges each of its responses to the allegations in all preceding paragraphs as if fully set forth herein.

113.   Paragraph 113 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 113 inconsistent with the cases cited therein.   The remaining allegations in paragraph 113 are denied.

114.   HART denies the allegations in paragraph 114.

115.   Paragraph 115 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 115 inconsistent with the cases cited therein.  HART denies the factual allegations in paragraph 115.

116.   Paragraph 116 contains legal conclusions to which no response from HART is required.   HART denies any allegations in paragraph 116 inconsistent with the cases cited therein.

117.   Paragraph 117 contains legal conclusions to which no response from HART is required.  HART denies any allegations in paragraph 117 inconsistent with the cases cited therein.   HART further denies all factual allegations in paragraph 117.

118.   HART denies the allegations in paragraph 118.

119.   HART denies the allegations in paragraph 119.

**Count VI**
**42 U.S.C. § 1983**
**Fourteenth Amendment:**
**Equal Protection**

120.    HART restates and realleges each of its responses to the allegations in all preceding paragraphs as if fully set forth herein.

121.    HART denies the allegations in paragraph 121.

122.    HART denies the allegations in paragraph 122.

123.    HART denies the allegations in paragraph 123.

124.    HART denies the allegations in paragraph 124.

125.    HART denies the allegations in paragraph 125.

126.    HART denies the allegations in paragraph 126.

**Count VII**
**42 U.S.C. § 1983**
**Fourteenth Amendment:**
**Due Process**

127.    HART restates and realleges each of its responses to the allegations in all preceding paragraphs as if fully set forth herein.

128.    HART denies the allegations in paragraph 128.

129.    Paragraph 129 contains legal conclusions to which no response from HART is required.    HART denies any allegations in paragraph 129 inconsistent with the Due Process Clause.    HART further denies all factual allegations in paragraph 129.

130.   HART denies the allegations in paragraph 130.

WHEREFORE, Defendant HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY respectfully requests this Court dismiss Plaintiff's Complaint, that Plaintiff take nothing, and Defendant be granted all relief which this Court deems just and proper.

## ATTORNEY'S FEES AND COSTS

Pursuant to 42 U.S.C. § 1988, the Defendants are entitled to their attorneys' fees to be paid by the Plaintiff and are entitled to costs pursuant to Federal Rule of Civil Procedure 54.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### ADVISORY OPINION

The Plaintiff asks this Court to "enter an injunction permanently preventing Defendants from enforcing the prohibition against "[a]dvertisements that primarily promote a religious faith or religious organization," and require full compliance with the U.S. Constitution." The request is directed to action that has not yet occurred and about which the Plaintiff provides no facts or information that such action is about to occur." Article III does not permit courts to issue advisory opinions." *Sirpal v. Univ. of Miamii,* 509 Fed. Appx. 924, 932 (11th Cir. Feb. 19, 2013) (*citing BankWest, Inc. v. Baker*, 446 F. 3d 1358, 1367 (11th Cir. 2006) ("If we addressed issues that might arise, we would be rendering an advisory opinion on future conduct and events that may never occur, something which Article III does not permit us to do.").

## SECOND AFFIRMATIVE DEFENSE
### NON-PUBLIC FORUM

Defendant affirmatively states that while it allowed certain advertisements referenced in the Complaint in the past, Defendant amended its advertisement policy to prohibit certain content of speech creating a non-public forum on its vehicles.

## THIRD AFFIRMATIVE DEFENSE
## REASONABLE LIMITATIONS.

Defendant states its advertising policy is not intended to discriminate or suppress any viewpoint but simply to impose reasonable limitations consistent with Defendant's legitimate interest in maintaining its vehicles for their dedicated use.

## FOURTH AFFIRMATIVE DEFENSE
## DEFENDANT'S COMPELLING INTERESTS

Defendant states its advertising policy is not intended to discriminate or suppress any viewpoint but a management tool adopted by Defendant based on its experiences, including being sued for certain advertisements, in order to further Defendant's compelling interests in maintaining safe, reliable and a non-controversial public transportation services for Hillsborough County, Florida.

## FIFTH AFFIRMATIVE DEFENSE
## DEFENDANT'S LEGITIMATE NON-DISCRIMINATORY PURPOSE

Defendant states it has a legitimate, non-discriminatory purpose for the challenged policy. HART's advertising policy is not intended to discriminate or suppress any viewpoint and Defendant did not harbor any discriminatory intent or pro-religion or anti-religion bias in its decision-making process. Defendant reasonably concluded that religious advertisements interfere with HART's ability to provide safe, reliable transportation to the community and fostered community and employee opposition all of which impeded HART's reasonable goals and purpose.

## SIXTH AFFIRMATIVE DEFENSE
## NO IRREPARABLE HARM

Defendant states that even if Plaintiff is entitled to any relief it is not entitled to the extraordinary remedy of injunctive relief as Plaintiff cannot establish it will suffer any irreparable harm through enforcement of Defendant's advertisement policy. Plaintiff has successfully operated its programs for years without ever requiring or seeking to advertise its programs with Defendant prior to 2020.

## SEVENTH AFFIRMATIVE DEFENSE
## BALANCE OF EQUITIES AND PUBLIC INTERESTS

Defendant states that any alleged violation of Plaintiff's rights do not entitle Plaintiff to injunctive relief as any damage to Plaintiff is outweighed by the impact on employee morale, community opposition, lawsuits, security concerns, vandalism, and administrative burdens that HART reasonably based its decision to adopt the advertisement policy and the public's interest in maintaining safe, reliable, non-controversial public transportation throughout Hillsborough County.

## EIGHTH AFFIRMATIVE DEFENSE
## NO DAMAGES

Defendant states that Plaintiff has admittedly suffered no damages through enforcement of the challenged policy. Plaintiff was unable to hold its Chanukah on Ice program in 2020 due to COVID-19. Accordingly, Plaintiff's inability to run its advertisement for the Chanukah on Ice program saved Plaintiff from spending

money on advertisements for a program that never happened. As such, Plaintiff has no damages arising from the enforcement of HART's challenged policy.

## NINTH AFFIRMATIVE DEFENSE
### SETOFF

Defendant states that Plaintiff was unable to hold its Chanukah on Ice program in 2020 due to COVID-19. Accordingly, Plaintiff's inability to run its advertisement for the Chanukah on Ice program saved Plaintiff from spending money on advertisements for a program that never happened. As such, Defendant should receive an offset against any damages awarded against Defendant for the savings Plaintiff received as a result of HART's enforcement of its advertisement policy.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Luke Goodrich, Esq. | lgoodrich@becketlaw.org |
| Joseph Davis, Esq. | jdavis@becketlaw.org |
| William J. Haun, Esq. | whaun@becketlaw.org |
| Edward M. Wenger, Esq. | EdW@hgslaw.com |
| Howard Slugh, Esq. | hslugh@jcrl.org |

/s/ David W. Adams
DAVID W. ADAMS
Florida Bar No. 0892416
ZACHARY J. GLASER

Florida Bar No. 0048059
Bennett, Jacobs & Adams, P.A.
Post Office Box 3300
Tampa, Florida 33601
Telephone: (813) 272-1400
Facsimile: (866) 844-4703
Email: dadams@bja-law.com; zglaser@bja-law.com
Secondary: sbrant@bja-law.com
Attorneys for Hillsborough Area Regional Transit
Authority, Adelee Le Grand, and Ruthie Reyes Burckard