# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| YOUNG ISRAEL OF TAMPA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY, <br><br> ADELEE LE GRAND, in her official capacity as Chief Executive Officer of the Hillsborough Area Regional Transit Authority, and <br><br> RUTHIE REYES BURCKARD, in her official capacity as Deputy Chief of Transportation for the Hillsborough Area Regional Transit Authority, <br><br> *Defendants*. | Civil No. 8:21-cv-00294-VMC-CPT <br><br> COMPLAINT <br><br> **PERMANENT INJUNCTIVE RELIEF REQUESTED** <br><br> **DECLARATORY RELIEF REQUESTED** <br><br> **DEMAND FOR JURY TRIAL** |

## DEFENDANTS ADELEE LE GRAND AND RUTHIE REYES BURCKARD'S CORRECTED MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants ADELEE LE GRAND, and RUTHIE REYES BURCKARD, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) and (b)(6), file this Corrected Motion to Dismiss Complaint, and in support thereof state as follows:

## INTRODUCTION

Defendant Hillsborough Area Regional Transit Authority (hereinafter "HART") "was created by its member governments" in accordance with Fla. Stat. § 163.565 *et seq*. *See* Complaint [Doc. 1] at ¶ 10; Exhibit A to Complaint. It is headquartered in Tampa, Florida, and exists "to service the public transit needs of its member jurisdictions and of such areas with which HART may contract for service." *Id.* Defendants Burckard and Le Grand are high ranking officers within HART. Ms. Burckard was previously HART's acting interim-CEO, and is currently the Deputy Chief of Transportation. Ms. Le Grand is HART's current CEO.

Plaintiff brought this action after HART enforced its advertisement policy prohibiting any advertisement that primarily promotes religious beliefs or a religious organization and denied publication of Plaintiff's proposed advertisement. *See* Complaint [Doc. 1] generally. Plaintiff's Complaint raises seven (7) causes of action against Defendants, all arising under 42 U.S.C. §1983. Counts I through IV allege Defendants violated Plaintiff's First Amendment Freedom of Speech rights under various theories. Count V alleges Defendants violated Plaintiff's First Amendment right of Free Exercise of Religion. Count VI alleges the Defendants violated Plaintiff's Equal Protection rights under the

Fourteenth Amendment, and Count VII alleges Defendants violated Plaintiff's due process rights under the Fourteenth Amendment.

Importantly, the second paragraph of each of the seven counts alleges that Defendants violated Plaintiff's respective rights by enforcement of HART's advertising policy prohibiting "[a]dvertisements that primarily promote a religious faith or religious organization." *See* Complaint [Doc.1] at ¶¶ 71, 85, 94, 102, 113, 121, and 128. Both Le Grand and Burckard are sued exclusively in their official capacities as Plaintiff alleges their "actions are actions under color of law." *See* Complaint at ¶¶ 13-14. Because the individual defendants are sued in their official capacities, their involvement in this case is redundant and the claims against them should be struck pursuant to Federal Rule of Civil Procedure, Rule 12(f). Similarly, because the individual defendants are sued in their official capacities, any relief granted to Plaintiff would be against HART, not the individual defendants. Accordingly, the claims against the individual defendants should be dismissed pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).

## MEMORANDUM OF LAW

### I. Rule 12(f) Allows for Striking Claims that are Redundant.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The court may act:

**(1)** on its own; or **(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* Defendants make this timely motion pursuant to Rule 12(f) to strike the claims against them in their official capacities as redundant. *See Mitchell v. City of Bartow*, 2019 WL 7193878, at *4. Case No. 8:18-CV-1088-T-23CPT, (M.D. Fla. Dec. 26, 2019) ("Rule 12(f), Federal Rules of Civil Procedure, commends the individual defendants' dismissal.")

## II. Plaintiff's Claims Against the Individual Defendants in Their Official Capacities Are Redundant and Should Be Stricken.

As set forth above, each of Plaintiff's seven counts is premised on a violation of 42 U.S.C. § 1983. Section 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...." 42 U.S.C. § 1983 (2020). "Although 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" *Hafer v. Melo*, 502 U.S. 21, 25-26, 112 S. Ct. 358, 362, (1991) (quoting *Will v. Michigan Dept. of State Police,* 491 U.S. 58 at 71, 109 S. Ct. 2304 at 2312 (1989). "Suits against state officials in their official

4

capacity therefore should be treated as suits against the State ... the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Id.* at 362.

"In contrast to individual capacity suits, when an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham,* 473 U.S. at 165, 105 S. Ct. at 3105 (citing *Monell v. Department of Social Servs.,* 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 2035 n. 55, 56 L. Ed. 2d 611 (1978)). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Id.* (citing *Graham*, 473 U.S. at 165-66, 105 S. Ct. at 3105; *Brandon v. Holt,* 469 U.S. 464, 471-72, 105 S. Ct. 873, 877-78, 83 L. Ed. 2d 878 (1985); *Monell,* 436 U.S. at 691, 98 S. Ct. at 2036; *Farred v. Hicks,* 915 F.2d 1530, 1532 (11th Cir. 1990)).

In *Mitchell v. City of Bartow*, the Plaintiff sued the City of Bartow under Section 1983 for allegedly violating his First Amendment rights, amongst other things. *Mitchell v. City of Bartow*, 2019 WL 7193878, Case No. 8:18-CV-1088-T-23CPT, (M.D. Fla. Dec. 26, 2019). However, Mitchell also sued the chief of police, the vice-mayor, and the city attorney — each in an official capacity. *Id.* This Court found that "[a] claim against a municipal employee sued in an official

capacity and a claim against a municipality are 'functional equivalents.'" *Id.* (quoting *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") "And, if a plaintiff both sues a municipality and sues a municipal officer in an official capacity, the inclusion of the municipal officer is 'redundant and possibly confusing to the jury.'" *Id.* (citing *Busby*, 931 F.2d at 776. Accordingly, this Court held that "[b]ecause the official-capacity claims against the individual defendants are redundant with the claims against the City and create unnecessary confusion, Rule 12(f), Federal Rules of Civil Procedure, commends the individual defendants' dismissal." *Id.* (citing *Casey v. City of Miami Beach*, 2005 WL 8168328, at *1 ([S].D. Fla. Feb. 15, 2005) (striking redundant official-capacity claims and dismissing the individual defendants).

Similarly, in *Higdon v. Fulton Cty., Georgia*, the Plaintiff sued Fulton County, Georgia, along with two judges and a county commissioner alleging Section 1983 violations for judicial misconduct. *Higdon v. Fulton Cty., Georgia,* 746 F. App'x 796 (11th Cir. 2018). The District Court dismissed the claims against the individual defendants and Mr. Higdon appealed to the Eleventh Circuit. *Id.* On appeal, the Eleventh Circuit held that "[b]ecause Judge Tusan, Judge Wright, and Commissioner Eaves are named only in their official capacities in the

complaint, any suit against them is essentially a suit against Fulton County. As a result, leaving those three people as named defendants is redundant and unnecessary, and we affirm the dismissal of the three of them." *Id.* at 799 (citations omitted).

Just like the cases cited herein, Plaintiff brought its claims against HART, the governmental entity, as well as the individual defendants only in their official capacity. Maintaining this action against the individual defendants serves no purpose as any remedy Plaintiff could obtain would only be against HART, not the individual defendants[1]. Indeed, every cause of action in the Complaint is premised on enforcement of HART's advertisement policy. *See* Complaint [Doc.1] Generally, and specifically at ¶¶ 71, 85, 94, 102, 113, 121, and 128. Accordingly, the claims against the individual defendants are redundant and should be dismissed with prejudice.

### III. Plaintiff's Claims Against the Individual Defendants in Their Official Capacities Should be Dismissed Pursuant to Rule 12(b)(6).

Pursuant to Fed. R. Civ. P. 12(b)(6), a cause of action is subject to dismissal For failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim

---

[1] To that extent, Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) as the Complaint against the individual defendants for failure to state a claim upon which relief can be granted. "Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief." *Odion v. Google, Inc.*, 628 Fed. Appx. 635, 637 (11th Cir. 2015)

upon which relief can be granted. "Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief." *Odion v. Google, Inc.*, 628 Fed. Appx. 635, 637 (11th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For a claim to have facial plausibility, the plaintiff must plead factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "Dismissal is warranted under Fed.R.Civ.P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1326 (M.D. Fla. 2013)(citing *Bedasee v. Fremont Investment & Loan,* 2010 WL 98996 *1 (M.D.Fla. Jan. 6, 2010); *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1009–10 (11th Cir.1992).

As set forth above, each of Plaintiff's seven counts is premised on a violation of 42 U.S.C. § 1983 by enforcement of HART's advertisement policy. Moreover, as set forth above, a claim against the individual defendants in their official capacity is really just a claim against HART. Accordingly, any relief Plaintiff could obtain would only be against HART, not the individual defendants. Therefore, there is a dispositive legal issue which precludes relief against the

individual defendants. As such, this Court should dismiss the claims against the individual defendants with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

The law is well-settled that a claim against a governmental official in their official capacity is simply a claim against the actual governmental office, not the individual. In this case, Plaintiff has brought the exact same claims against HART and the individual defendants solely in their individual capacity. The claims against Ms. Le Grand and Ms. Burckard are redundant and must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(f) and (b)(6).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Luke Goodrich, Esq. | lgoodrich@becketlaw.org |
| Joseph Davis, Esq. | jdavis@becketlaw.org |
| William J. Haun, Esq. | whaun@becketlaw.org |
| Edward M. Wenger, Esq. | EdW@hgslaw.com |
| Howard Slugh, Esq. | hslugh@jcrl.org |

/s/ David W. Adams
DAVID W. ADAMS
Florida Bar No. 0892416
ZACHARY J. GLASER
Florida Bar No. 0048059
Bennett, Jacobs & Adams, P.A.
Post Office Box 3300

Tampa, Florida 33601
Telephone: (813) 272-1400
Facsimile: (866) 844-4703
Email: dadams@bja-law.com; zglaser@bja-law.com
Secondary: sbrant@bja-law.com
Attorneys for Hillsborough Area Regional Transit Authority, Adelee Le Grand, and Ruthie Reyes Burckard