# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| YOUNG ISRAEL OF TAMPA, INC.,<br>*Plaintiff*,<br><br>v.<br><br>HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY,<br>*Defendant*. | Civil No. 8:21-cv-00294<br><br>**NOTICE OF JOINTLY PROPOSED DECLARATORY JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the Court's January 26, 2022 order (Doc. 72 at 39), Plaintiff Young Israel of Tampa, Inc., and Defendant Hillsborough Area Regional Transit Authority jointly submit the accompanying Proposed Declaratory Judgment and Permanent Injunction, attached as Exhibit 1.

As demonstrated by the attachment, the parties were able to agree on all proposed language except for paragraph 6. For that paragraph, the attachment contains alternative language proposed by each party respectively. Should the Court desire, the parties are willing to provide short supplemental briefs explaining their respective positions.

1

/s/David W. Adams
DAVID W. ADAMS
Florida Bar No. 0892416
ZACHARY J. GLASER
Florida Bar No. 0048059
Bennett, Jacobs & Adams, P.A.
Post Office Box 3300
Tampa, Florida 33601
Telephone: (813) 272-1400
Facsimile: (866) 844-4703
Email: dadams@bja-law.com;
zglaser@bja-law.com
Secondary: sbrant@bja-law.com

*Attorneys for Defendant Hillsborough Area Regional Transit Authority*

/s/ Luke Goodrich
Luke W. Goodrich
  *Lead Counsel*
William J. Haun
Joseph C. Davis
The Becket Fund for Religious
  Liberty
1919 Pennsylvania Ave NW
Suite 400
Washington, D.C. 20006
Telephone: (202) 955-0095
Fax: (202) 955-0090
*lgoodrich@becketlaw.org*

Edward M. Wenger
FBN 85568
Holtzman Vogel Baran Torchinsky &
Josefiak, PLLC
2300 N. Street N.W., Ste. 643-A
Washington, D.C. 20037
Telephone: (202) 737-8808
Fax: (540) 341-8809
*emwenger@holtzmanvogel.com*

Howard Slugh
Jewish Coalition for Religious
  Liberty
2400 Virginia Avenue N.W.
Apt C619
Washington, D.C. 20037
Telephone: (954) 328-9461
hslugh@jcrl.org

*Attorneys for Plaintiff
Young Israel of Tampa*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, a copy of the foregoing was furnished by electronic transmission to:

David W. Adams
Zachary J. Glaser
Bennett, Jacobs & Adams, P.A.
P.O. Box 3300
Tampa, Florida 33601
dadams@bja-law.com
zglaser@bja-law.com
*Attorneys for Defendant*

|  |  |
|---|---|
| Howard Slugh<br>Jewish Coalition for Religious<br>  Liberty<br>2400 Virginia Avenue N.W.<br>Apt C619<br>Washington, D.C. 20037<br>Telephone: (954) 328-9461<br>*hslugh@jcrl.org* | /s/ *Luke Goodrich*<br>Luke W. Goodrich<br>  *Lead Counsel*<br>William J. Haun<br>Joseph C. Davis<br>The Becket Fund for Religious<br>  Liberty<br>1919 Pennsylvania Ave NW<br>Suite 400<br>Washington, D.C. 20006<br>Telephone: (202) 955-0095<br>Fax: (202) 955-0090<br>*lgoodrich@becketlaw.org* |

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| YOUNG ISRAEL OF TAMPA, INC., <br> *Plaintiff*, <br><br> v. <br><br> HILLSBOROUGH AREA REGIONAL TRANSIT AUTHORITY, <br> *Defendant*. | Civil No. 8:21-cv-00294 <br><br> **[PROPOSED] DECLARATORY JUDGMENT AND PERMANENT INJUNCTION** |

In an opinion and order dated January 26, 2022 (the "Order"), this Court granted the motion for summary judgment filed by Plaintiff Young Israel of Tampa, Inc. ("Young Israel"), and denied the motion for summary judgment filed by Defendant the Hillsborough Area Regional Transit Authority's ("HART"). The Court ruled for Young Israel on Counts I-IV of its complaint, *see* Doc. 1, finding that HART's Advertising Policy, which prohibits advertisements that "primarily promote a religious faith or religious organization," violates the First Amendment's Free Speech Clause, both on its face and as applied. Doc. 72.

In particular, the Court concluded that it "constitutes viewpoint discrimination" to exclude "speech discussing otherwise permissible subjects … on the ground that the subject is discussed from a religious viewpoint." Doc. 72 at 18-30. The Court further concluded that "[e]ven if HART's Advertising Policy were viewpoint neutral," "HART lacks … workable standards in enforcing" it, rendering it unreasonable. *Id.* at 30-39. The Court directed the parties "to confer and … submit proposed joint language

for [a] declaratory judgment and permanent injunction" reflecting these conclusions. *Id.* at 39.

In accordance with the Court's Order, and having considered the joint language proposed by the parties, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. The Court **DECLARES** that HART's Advertising Policy, which prohibits advertisements that "primarily promote a religious faith or religious organization," is viewpoint-discriminatory and therefore violates the Free Speech Clause of the First Amendment to the United States Constitution as incorporated against HART through the Fourteenth Amendment of the United States Constitution.

2. The Court further **DECLARES** that HART's Advertising Policy, which prohibits advertisements that "primarily promote a religious faith or religious organization," is unreasonable for the reasons set forth in the Court's Order and therefore violates the Free Speech Clause of the First Amendment to the United States Constitution as incorporated against HART through the Fourteenth Amendment of the United States Constitution.

3. The Court further **DECLARES** that HART's application of its Advertising Policy to reject Young Israel's "Chanukah on Ice" advertisement was viewpoint discriminatory and therefore violated Young Israel's rights under the Free Speech Clause of the First Amendment to the United States Constitution as incorporated against HART through the Fourteenth Amendment of the United States Constitution.

4. The Court further **DECLARES** that HART's application of its Advertising Policy to reject Young Israel's "Chanukah on Ice" advertisement was unreasonable and therefore violated Young Israel's rights under the Free Speech Clause of the First Amendment to the United States Constitution as incorporated against HART through the Fourteenth Amendment of the United States Constitution.

5. The Court **HOLDS** that Young Israel is entitled to injunctive relief against HART's unconstitutional conduct. Young Israel has succeeded on the merits of Counts I-IV of its complaint. Doc. 72. Young Israel has also shown irreparable injury in relation to those claims. *See FF Cosms. FL, Inc. v. City of Miami Beach,* 866 F.3d 1290, 1298 (11th Cir. 2017) ("an ongoing violation of the First Amendment constitutes irreparable injury"). And injunctive relief is in the public interest and supported by the equities. *See, e.g.*, *Otto v. City of Boca Raton,* 981 F.3d 854, 864, 870 (11th Cir. 2020) ("necessary legal consequence of" success on merits is injunctive relief, and "neither the government nor the public has any legitimate interest in enforcing an unconstitutional ordinance").

6. [**Young Israel's proposed language**: The Court therefore **GRANTS** Young Israel's request for a permanent injunction. HART, its agents and employees, and all those acting in concert with any of them, are **ENJOINED**, on a permanent basis, from rejecting any advertisement on the ground that the advertisement primarily promotes a religious faith or religious organization or employs religious language, imagery, or

symbols, whether under Section 4(e) of its Advertising Policy effective as of December 2, 2013, or otherwise.]

6. [**HART's proposed language**: The Court therefore **GRANTS** Young Israel's request for a permanent injunction. HART, its agents and employees, and all those acting in concert with any of them, are **ENJOINED**, on a permanent basis, from rejecting any advertisement on the ground that the advertisement primarily promotes a religious faith or religious organization under Section 4(e) of its Advertising Policy effective as of December 2, 2013.]

7. It is **ORDERED** that this permanent injunction shall take effect immediately.

8. It is further **ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing this declaratory judgment and permanent injunction, and any additional orders necessary, including resolution of Young Israel's request for damages, which are currently set for trial beginning April 4, 2022, at 9:00 a.m., and resolution of Young Israel's unresolved claims (Counts V-VII of its complaint).

9. It is further **ORDERED** that this is a final adjudication of the merits of the claims addressed in the Court's January 26 Order. Young Israel is the prevailing party and is therefore entitled to reasonable attorneys' fees and costs under 42 U.S.C. § 1988(b), which fees and costs will be addressed in accordance with Fed. R. Civ. P. 54(b) and Local Rule 7.01.

**IT IS SO ORDERED.**

Dated: February __, 2022

_____
Hon. Virginia M. Hernandez Covington
United States District Judge