# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

YOUNG ISRAEL OF TAMPA, INC.,
   *Plaintiff*,

v.

HILLSBOROUGH AREA
REGIONAL TRANSIT
AUTHORITY,
   *Defendant*.

Civil No. 8:21-cv-00294

## JOINT MOTION FOR ENTRY OF JUDGMENT AND
## EXTENSION OF TIME TO FILE MOTION FOR FEES AND COSTS

Plaintiff Young Israel of Tampa, Inc. ("Young Israel") and Defendant Hillsborough Area Regional Transit Authority ("HART") respectfully submit this joint motion for entry of judgment, to be entered after the Court has resolved the scope of the permanent injunction and declaratory judgment. *See* Doc. 74. The parties also seek an order pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 1.01(b), deferring the filing of Young Israel's motion for fees and costs until the exhaustion of any appeals. A proposed judgment accompanies this motion.

In support of the motion, the parties state the following:

1. On January 26, 2022, this Court granted Young Israel's motion for summary judgment on its free-speech claims (*i.e.*, Counts I-IV of the Complaint), and directed the parties to submit language for a permanent injunction and declaratory judgment. Doc. 72 at 39-40. The Court's order did not address Young Israel's non-free-speech claims or its entitlement to money damages. *Id.* The order did, however, direct the

1

parties to submit joint language that would afford Young Israel declaratory and injunctive relief. *See id.*

2. On February 10, the parties submitted joint language for declaratory relief and alternative proposals on injunctive relief. Doc. 74.

3. The parties have also been working to reach a resolution on Young Israel's money damages before the April 2022 trial term begins.

4. The parties hereby agree to stipulate to the entry of final judgment on Young Israel's claims of money damages against HART in the amount of $40,000, exclusive of costs and attorney's fees. *See* Doc. 74 at 8 ¶ 9. The parties stipulate that this amount is not subject to the accrual of interest.

5. The parties further agree that Young Israel is entitled to costs and reasonable attorneys' fees, with the amount to be brought before the Court in a separate motion.

6. In light of this stipulation on money damages and the Court's forthcoming order on injunctive and declaratory relief, the parties also hereby agree to stipulate to the dismissal of Counts V-VII of Young Israel's Complaint without prejudice. *See* Fed. R. Civ. P. 15(a)(1)(B). However, dismissal of Counts V-VII of Young Israel's Complaint shall only be without prejudice to the extent HART successfully appeals the Court's grant of summary judgment or the final judgment in this matter. Otherwise, Counts V-VII of Young Israel's Complaint shall be dismissed with prejudice.

7. Given these developments, once the Court has determined the scope of injunctive and declaratory relief, the parties respectfully request that the Court enter a final judgment resolving this case pursuant to Fed. R. Civ. P. 58. The parties request that

the judgment reflect both the injunctive and declaratory relief as determined by the Court and an award of money damages to Young Israel in the amount of $40,000, as set out above. *See Local Union No. 1992 of Int'l Brotherhood of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284-85 (3d Cir. 2004) (Rule 58 judgment must "'be a self-contained document, saying who has won and what relief has been awarded'" (quoting Moore's Federal Practice § 58.05[4][a])); *accord, e.g.*, *Graddy v. Educ. Credit Mgmt. Corp.*, 762 F. App'x 735, 737-38 (11th Cir. 2019).

8. Once the Court enters judgment under Rule 58, Plaintiffs ordinarily would have 14 days from that date to seek fees and expenses as prevailing parties in this action. Fed. R. Civ. P. 54(d)(2)(B)(i); *see* Local Rule 7.01.

9. In the interests of judicial economy and avoiding duplicative fee litigation, however, the parties respectfully request that the Court extend the time to file a motion for fees and expenses until 14 days after the expiration of the deadline to appeal (if there is no appeal) or after final resolution of all appeals (if there is an appeal). *See* Fed. R. Civ. P. 54(d)(2)(B) (default deadline applies "[u]nless a … court order provides otherwise"); *see also, e.g.*, Local Rule 1.01(b).

10. Notwithstanding this stipulation on damages, HART reserves its right to appeal the Court's summary-judgment decision to the Eleventh Circuit and, if necessary, to the U.S. Supreme Court. Similarly, both parties reserve their respective right to appeal the Court's entered declaratory judgment and permanent injunction. *See, e.g.*, *Sprint Nextel Corp. v. Wireless Buybacks Holdings, LLC*, 938 F.3d 113, 124 (4th Cir. 2019) (collecting authorities); *cf. Louisville and N.R. Co. v. M/V Bayou Lacombe*, 597 F.2d 469, 474

n.4 (5th Cir. 1979) ("The defendant stipulated to liability," so "the sole question before the district court and the court of appeals was one of computation of damages").

**WHEREFORE**, the Parties move the Court to enter a final judgment pursuant to Fed. R. Civ. P. 58(a):

A. Entering a permanent injunction and declaratory relief as determined by the Court in light of the parties' proposals, *see* Doc. 74;

B. Entering judgment for damages in the amount of $40,000, exclusive of costs, attorney's fees, and post-judgment interest;

C. Extending the time for Young Israel to file a motion for fees and costs until 14 days after the expiration of the deadline to appeal or after final resolution of all appeals, whichever is later.

Respectfully submitted this 24th day of March, 2022.

<div style="display: flex;">

<div>

/s/ *David Adams*
David W. Adams
  *Lead Counsel*
Zachary J. Glaser
Bennett, Jacobs & Adams, P.A.
P.O. Box 3300
Tampa, Florida 33601
dadams@bja-law.com
zglaser@bja-law.com

*Attorneys for Defendant*

</div>

<div>

Respectfully submitted,

/s/ *Luke Goodrich*
Luke W. Goodrich
  *Lead Counsel*
William J. Haun
Joseph C. Davis
The Becket Fund for Religious
  Liberty
1919 Pennsylvania Ave NW
Suite 400
Washington, D.C. 20006
Telephone: (202) 955-0095
Fax: (202) 955-0090
lgoodrich@becketlaw.org


Edward M. Wenger
FBN 85568
Holtzman Vogel Baran Torchinsky &
Josefiak, PLLC
2300 N. Street N.W., Ste. 643-A
Washington, D.C. 20037
Telephone: (202) 737-8808
Fax: (540) 341-8809
emwenger@holtzmanvogel.com

Howard Slugh
Jewish Coalition for Religious
  Liberty
2400 Virginia Avenue N.W.
Apt C619
Washington, D.C. 20037
Telephone: (954) 328-9461
hslugh@jcrl.org

*Attorneys for Plaintiff*

</div>
</div>

## CERTIFICATE OF SERVICE

I certify that on March 24, 2022, a copy of the foregoing was furnished to all parties by electronic transmission.

<div style="text-align: right;">

*/s/ Luke Goodrich*
Luke W. Goodrich
*Counsel for Plaintiff Young Israel*

</div>